**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HASSAN RASHIDIAN, | Case No. ED CV 26-00501 FMO (PD) |
| Petitioner, | |
| v. | **ORDER RE: PETITION FOR WRIT OF HABEAS CORPUS** |
| DAVID MARIN, <u>et</u> <u>al.</u>, | |
| Respondents. | |

On March 10, 2026, the court issued an order directing the parties to meet and confer to determine what issues remain to be resolved with respect to the Petition. (Dkt. 16, Court's Order of March 10, 2026, at 1). In the joint status report filed on March 19, 2026, the parties agree that judgment should be entered on the underlying Petition.[1] (<u>See</u> Dkt. 17, Joint Status Report at 2). The court agrees. <u>See</u>, <u>e.g.</u>, <u>Bui v. Noem</u>, 2026 WL 353620, *2 (C.D. Cal. 2026) ("The nature of

---

[1] Respondents assert that the scope of the judgment should be limited to the relief granted in the Court's Order Re: <u>Ex Parte</u> Application for Temporary Restraining Order, filed on February 20, 2026. (Dkt. 14). Given that respondents have failed to provide any assurances that petitioner will not be re-detained without due process protections, (<u>see</u>, <u>generally</u>, Dkt. 17, Joint Status Report); (Dkt. 13, Response to Petitioner's Application), and thus have not demonstrated that "subsequent events ma[k]e it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur[,]" <u>Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.</u>, 528 U.S. 167, 189, 120 S. Ct. 693, 708 (2000) (internal quotation marks omitted), the court finds that petitioner is entitled to relief on the Petition.

a TRO is only, as referenced in the name, temporary. Petitioner can still be unlawfully re-detained when the TRO expires, and as such, the Court can still provide Petitioner relief should that occur."); Esmail v. Noem, 2025 WL 3030589, *3 n. 5 (C.D. Cal. 2025) ("Given the TRO's expiration[,] . . . the necessity of further injunctive relief maintaining the status quo during the pendency of litigation means the claim is necessarily not moot.") (emphasis omitted).

Based on the foregoing, IT IS ORDERED THAT:

1. Petitioner's Petition for Writ of Habeas Corpus **(Document No. 1)** is **granted** as set forth in this Order.

2. Respondents shall not re-detain petitioner without providing petitioner with, at minimum, individualized notice describing the change in circumstances necessitating his arrest and/or detention, and a pre-deprivation bond hearing before an immigration judge. Petitioner shall not be detained unless respondents demonstrate at a pre-deprivation hearing that petitioner is a flight risk or a danger to the community, and that there are no combination of conditions that will reasonably assure petitioner's appearance and/or the safety of any other person in the community. If petitioner is again placed into detention in this District following proceedings in this case, respondents shall not transfer or remove petitioner from this District unless executing a final order of removal issued against petitioner.

3. Should respondents take steps to remove petitioner to a third country, respondents shall not remove petitioner to any third country without providing petitioner and his counsel written notice and affording petitioner a meaningful opportunity to seek any available fear-based protections or relief.

4. Judgment shall be entered accordingly.

Dated this 31st day of March, 2026.

/s/
Fernando M. Olguin
United States District Judge